IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06-CV-00760-WKW-DRB |
| | ) | |
| CITY OF DOTHAN, | ) | [wo] |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Filed herewith is an ORDER granting Angela Denise Nails ("Nails) *in forma pauperis* status to file this purported action on August 24, 2006, without prepayment of fees or costs, but staying service of the Complaint. Because the purported Complaint is so patently frivolous and reflects this plaintiff's inexcusable abuse of the judicial process, the Magistrate Judge recommends that it be dismissed with prejudice, without any opportunity for amendment and prior to service of process.

### I. VEXATIOUS LAWSUITS

On March 17, 2006, Nails, an unemployed disabled indigent who resides in Dothan[1], filed seven separate lawsuits in this court pursuant to 28 U.S.C. § 1915:

| | | |
|---|---|---|
| 1:06-cv-00246-MEF-VPM | Nails v. Preston et al | filed 03/17/06   closed 04/07/06 |
| 1:06-cv-00247-WKW-DRB | Nails v. East Gate Inn | filed 03/17/06   closed 05/01/06 |
| 1:06-cv-00249-MEF-VPM | Nails v. Dothan Rescue Mission | filed 03/17/06   closed 04/07/06 |

---

[1] Nails does not disclose in her *in forma pauperis* applications the nature of her disability, but her written submissions in each case raise reasonable doubts about her mental stability.

| | | | |
|---|---|---|---|
| 1:06-cv-00250-MEF-SRW | Nails v. Beavers | filed 03/17/06 | closed 04/17/06 |
| 1:06-cv-00251-MHT-DRB | Nails v. Jones | filed 03/17/06 | closed 04/28/06 |
| 1:06-cv-00252-MHT-CSC | Nails v. Centurytel Phone Co. | filed 03/17/06 | closed 05/25/06 |
| 1:06-cv-00253-MEF-VPM | Nails v. Compass Bank Dothan | filed 03/17/06 | closed 05/09/06 |

In recommending the dismissal of case no. 1:06-cv-00247-WKW-DRB, Nails v. East Gate Inn, after providing Nails an opportunity to amend her complaint, this Magistrate Judge documented, as follows, these complaints, which "charg[ed] a variety of defendants with spurious claims most frequently seen in state court litigation":

- **Case no. 1:06-cv-00246-MEF-VPM**
**Nails v. Eugene Preston and Pauline Preston**
> negligence action arising from auto accident, or some other event, occurring in January 2003; dismissed without prejudice on 4/7/06 for lack of subject matter jurisdiction

- **Case no. 1:06-cv-00249-MEF-VPM**
**Nails v. Dothan Rescue Mission**
> damages claimed for defendant's alleged failure to provide assistance or service on unspecified date; dismissed without prejudice on 4/7/06 for lack of subject matter jurisdiction

- **Case no. 1:06-cv-00250-MEF-SRW**
**Nails v. Ruby Beavers**
> purported discrimination claim under the Fair Housing Act arising from defendant's alleged failure to address complaints of harassment on unspecified dates by other tenants in an Aliceville, AL apartment complex; dismissed without prejudice on 4/17/06 for improper venue

- **Case no. 1:06-cv-00251-MHT-DRB**
**Nail v. Al Jones**
> claim against an attorney for neglecting a legal matter entrusted to him, on some unspecified date and in a manner not described, in alleged violation of Rule 1.14 of the Ala. Professional Code of Conduct

- **Case no. 1:06-cv-00252-MHT-CSC**
  **Nails v. Centurytel Phone Company**
  > negligence complaint arising from defendant's alleged failure to follow telephone regulations, rules, and guidelines in connection with "fraudulent" charges and interruption of phone service

- **Case no. 1:06-cv-00253-MEF-VPM**
  **Nails v. Compass Bank Dothan**
  > April 12, 2006 Recommendation for dismissal without prejudice for lack of jurisdiction of an amended complaint purporting to state negligence claims arising from closure of accounts of deposit

Apparently undeterred by the notice provided in each case regarding the limited jurisdiction of federal courts, the glaring deficiencies of her lawsuit, and penalties for abusing the privilege of proceeding without paying filing fees and costs, Nails ended her brief hiatus in August with the filing of this lawsuit along with Nails v. Dothan Rescue Mission, (case no. 1:06-cv-00737-WKW-SRW, filed 08/16/06).

## II. PRESENT COMPLAINT

The undated Complaint – neither sworn nor notarized – is reproduced here verbatim and without editing errors in spelling, punctuation, or grammar:

------------------------------------------------------------------------------------------

IN THE UNITED STATES DISTRICT COURT
FOR THE COUNTY OF MONGEMERY
THE STATE OF ALABAMA

COMPLAINT OF NEGLIGENCE

The case follows under the Jurisdiction Actitcel III Section 2a Constitutional law. Subject

matter question controversy of $10,000.00 dollars. The City of Dothan has not appropriately responded to the complaint in writing of the City having no sidewalks on Virginia street were the plaintiff was struck by a vehicle. The plaintiff has responded to the City request of procedures to speak with the City representative the Mayor, no settlement or response was made after the plaintiff and the City Mayor discussion The plaintiff is bring the civil case before the court searching for the due process rights of the court.

-------------------------------------------------------------------------------------------------

### III.  DISCUSSION

Irrespective of its procedural defects, this Complaint so clearly lacks jurisdictional substance that this court's scarce judicial resources should not be burdened. Neither federal question jurisdiction nor diversity jurisdiction is invoked; nothing alleged can be construed reasonably to implicate any right or privilege secured by federal law or the Constitution, and there is neither diverse citizenship nor the requisite amount of controversy even if a cause of action could be discerned. Nor can this court's federal question jurisdiction be invoked through an amendment grounded on the essence of this plaintiff's grievance – that "the City of Dothan has not appropriately responded to the complaint in writing of the City having no sidewalks on Virginia street were the plaintiff was struck by a vehicle." The complaint clearly lacks any arguable basis in law and fact. In sum, this is a frivolous action which should not burden the court or an Alabama municipality dependent on taxpayers' support.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii), the court shall dismiss a case

by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous or malicious OR fails to state a claim on which relief may be granted OR seeks monetary relief against a defendant who is immune from such relief. At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears that the plaintiff "has little or no chance of success." *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton*, 504 U.S. at 32-33.

Nails is advised, as this court has consistently reminded similarly situated *pro se* litigants, that the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or misguided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing

dismissal from the action.

*This court also deems it appropriate now to advise Nails that pro se* **litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure**, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay

a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

## IV.  CONCLUSION

Because the complaint fails to state any cognizable claim for relief in this court, and is patently frivolous, **it is the Recommendation of the Magistrate Judge that this action be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).**

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* not later than **September 21, 2006.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of September, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE